ORIGINAL

19MAG 6965

Approved: _____
ANDREW A. ROHRBACH
Assistant United States Attorney

Before: THE HONORABLE STEWART D. AARON
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - - X
                                     :
UNITED STATES OF AMERICA             :  **SEALED COMPLAINT**
                                     :
     - v. -                          :  Violation of 8 U.S.C.
                                     :  §§ 1326(a) & (b)(1)
CARLOS CESAR HILARIO GONZALEZ,       :
                                     :  COUNTY OF OFFENSE:
          Defendant.                 :  BRONX
                                     :
- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

       BRIAN FIGUEIREDO, being duly sworn, deposes and says that he is a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and charges as follows:

COUNT ONE
(Illegal Reentry)

       1. From at least on or about July 9, 2019, in the Southern District of New York and elsewhere, CARLOS CESAR HILARIO GONZALEZ, the defendant, being an alien, unlawfully did enter, and was found in, the United States, after having been removed from the United States subsequent to a conviction for commission of a felony, without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary for the Department of Homeland Security, to reapply for admission.

(Title 8, United States Code, Sections 1326(a) and (b)(1).)

       The bases for my knowledge and the foregoing charge are, in part, as follows:

       2. I am an officer with the United States Department of Homeland Security, Immigration and Customs Enforcement

("ICE"), and I have been personally involved in the investigation of this matter. This affidavit is based in part upon my conversations with law enforcement agents and others, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based upon my participation in the investigation and my review of public court records and records maintained by ICE regarding CARLOS CESAR HILARO GONZALEZ, the defendant, including HILARIO's criminal history, I have learned, among other things, the following:

   a. HILARIO is a native and citizen of the Dominican Republic. He is not, and has never been, a citizen of the United States.

   b. On or about May 11, 2009, HILARIO pleaded guilty in New York County Supreme Court to criminal possession of a controlled substance in the second degree, in violation of New York Penal Law Section 220.18, a Class A felony, and conspiracy in the second degree, in violation of New York Penal Law Section 105.15, a Class B felony.

   c. On or about October 15, 2010, HILARIO was sentenced to a term of seven years' imprisonment and a term of thirty to ninety months' imprisonment, to run concurrently.

   d. On or about December 6, 2011, HILARIO was removed from the United States to the Dominican Republic following entry of a final order of removal by a United States Immigration Judge and parole from New York state custody for the purpose of deportation.

4. On or about April 23, 2019, the ICE tip line received information regarding CARLOS CESAR HILARO GONZALEZ, the defendant. In substance and in part, the caller indicated that HILARIO had returned to the United States and provided information about HILARIO's habitual locations.

5. On or about July 9, 2019, CARLOS CESAR HILARO GONZALEZ, the defendant, was found in the Southern District of New York. I and another ICE agent visited locations in Bronx,

2

New York, given to us by the caller to the tip line, with a photo of HILARIO. We identified, approached, and arrested HILARIO.

6. Based on my review of records maintained by ICE and my involvement in this investigation, I have learned that ICE has performed searches of all ICE indices and confirmed that, following his removal to the Dominican Republic, CARLOS CESAR HILARO GONZALEZ, the defendant, never obtained the express consent of the Attorney General of the United States or the Secretary for the Department of Homeland Security to reapply for admission to the United States.

7. Based upon my training and experience with ICE, I understand that criminal possession of a controlled substance in the second degree, in violation of New York Penal Law Section 220.18 qualifies as a "felony" within the meaning of Section 1326(b)(1) of Title 8 of the United States Code. I also understand that conspiracy in the second degree, in violation of New York Penal Law Section 105.15, qualifies as a "felony" within the meaning of Section 1326(b)(1) of Title 8 of the United States Code.

8. I have reviewed a report prepared by a trained fingerprint examiner working for ICE who reviewed the fingerprint impression taken of "Carlos Hilario" on or about May 11, 2009, by the New York Police Department in connection with his state criminal case, and compared those fingerprint impressions with the fingerprint impressions taken of "Carlos Cesar Hilario Gonzalez" in connection with his 2011 removal from the United States, and with the fingerprint impressions taken of "Carlos Cesar Hilario Gonzalez" in connection with his arrest on or about July 9, 2019. The fingerprint impressions came back to one and the same individual.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of CARLOS CESAR HILARIO GONZALEZ, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_____
BRIAN FIGUEIREDO
Deportation Officer
U.S. Department of Homeland Security

Sworn to before me this
26th day of July, 2019

_____
THE HONORABLE STEWART D. AARON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK